THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Judy Anne Yown, Respondent,
 
 
 

v.

 
 
 
 William Robert Yown, Appellant.
 
 
 

Appeal From Spartanburg County
 Georgia V. Anderson, Family Court Judge
Unpublished Opinion No. 2008-UP-145
Submitted November 1, 2007  Filed March
 6, 2008    
AFFIRMED

 
 
 
 David Michael Collins, Jr., of Spartanburg, for Appellant.
 Edward A. Lamb, Richard H. Rhodes, both of Spartanburg, for
 Respondent.
 
 
 

PER CURIAM: William
 Robert Yown (Husband) appeals from the family court order granting Judy Anne
 Yown (Wife) a divorce, arguing the family court erred in its determination of
 marital property, valuation of special equity interests, and equitable division
 of the marital estate.  We affirm.[1] 
 
FACTS
Husband and Wife were married on September 16, 1998.  At the time
 of the marriage, both parties owned a pre-marital home and other personal
 pre-marital property.  Approximately two years into the marriage, Husband and
 Wife purchased a marital residence and subsequently sold their non-marital
 homes.[2] 
 A substantial portion of Husbands proceeds from the sale of his non-marital
 home was paid toward the mortgage on the marital home and a lot adjoining the
 marital residence, both of which were titled jointly.  The remaining money from
 the sale of the non-marital homes was deposited into a joint checking account.[3]
Approximately seven years into the marriage, Husband and Wife separated,
 and Wife brought a separate maintenance action seeking equitable division of
 the marital estate and attorneys fees.  At the hearing, Wife moved to amend her
 complaint to request a divorce on the ground of one year continuous separation.  The family court granted Wifes motion and issued an order granting a
 divorce, dividing the marital estate equally between the parties, and awarding
 each party special equity interests in certain items of the marital estate.  This
 appeal followed. 
STANDARD OF REVIEW
The family court
 has broad discretion in determining how marital property is to be valued and
 distributed; therefore, the court may use any reasonable means to divide the
 property equitably, and its judgment will only be disturbed where an abuse of
 discretion is found.  LaFrance v. LaFrance, 370 S.C. 622, 650-651, 636
 S.E.2d 3, 18 (2006).  In reviewing the family courts equitable apportionment
 of marital property, an appellate courts role is to examine the fairness of
 the apportionment as a whole.  Id. (citing Bragg v. Bragg, 347 S.C. 16, 24, 553 S.E.2d 251, 255 (Ct. App. 2001)).  Generally, an appellate court will affirm the family
 court if it can be determined the judge addressed the factors under the marital
 property statute sufficiently for the appellate court to conclude the judge was
 cognizant of the statutory factors.  Id. (citing Jenkins v. Jenkins, 345
 S.C. 88, 100, 545 S.E.2d 531, 537 (Ct. App. 2001)); see S.C. Code Ann. § 20-7-472 (1985). 
 
LAW/ANALYSIS
Property Adjoining Marital Residence and Special
 Equity Interests
Husband
 alleges the family court erred by classifying the property adjoining the
 marital residence as marital property.  Husband also maintains the family court
 erred in its identification and valuation of the special equity interests of
 both parties in the marital residence.  We disagree.  
Husband
 asserts the adjoining lot was nonmarital property because it was purchased with
 proceeds from the sale of his pre-marital home.  Husbands home was pre-marital
 property, and, ordinarily, property acquired in exchange for pre-marital
 property is not considered marital property.  However:

 [i]n
 certain circumstances, nonmarital property may be transmuted into marital
 property if: (1) it becomes so commingled with marital property as to be
 untraceable; (2) it is jointly titled; or (3) it is utilized by the parties in
 support of the marriage or in some other manner so as to evidence an intent by
 the parties to make it marital property.

Greene v. Greene, 351 S.C. 329, 338, 569 S.E.2d 393, 398 (Ct. App. 2002)(internal
 citations omitted).  The property adjoining the marital estate was titled jointly. 
 The parties constructed a barn on the adjoining land and used it to store
 personal property belonging to both Husband and Wife.  The barn was constructed
 using an equity line of credit, which was paid with funds from the couples
 joint account.  For these reasons, we do not find the family court erred by
 classifying the property adjoining the marital estate as marital property.  Furthermore, Husband was awarded a special equity interest for funds from the sale of his pre-marital home, which he contributed to the
 adjoining lot.       
Husband
 also claims the family court erred in its identification and valuation of the
 special equity interests of both parties in the marital residence.  In the
 present case, the family court considered and ruled upon the special equity
 interests of both Husband and Wife.  Accordingly, if Husband believed
 the family court overlooked or failed to specifically rule on some additional
 special equity interest, he had the burden of presenting this issue to the
 family court.  However, Husband did not file a Rule 59(e), SCRCP, motion raising
 the issue of a specific equity interest valuation to the family court, and thus,
 we find this issue is not preserved for appeal. See Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998); see also Halbersberg v. Berry, 302 S.C. 97, 103, 394 S.E.2d 7, 12 (1990)
 (finding the omission of the master in equity not preserved because the party
 did not bring the omission to the attention of the master through a proper
 motion).
The Division of the Marital Estate
Husband
 further alleges the family court erred in calculating the division of the
 marital estate.  Specifically, Husband argues the
 family court erred by counting the value of the adjoining property twice in the
 equitable division.  We find this issue is not preserved.  
After
 the family court issued its order, Husband did not file a Rule 59(e), SCRCP, motion
 raising the issue of the double-inclusion of the adjoining lot to the family
 court judge.  Thus, we find this issue is not preserved for appeal.  See Wilder, 330 S.C. at 76, 497 S.E.2d at 733; see
 also Halbersberg, 302 S.C. at 103, 394 S.E.2d at 12.
CONCLUSION
Based
 on the foregoing, we find the family court did not err in its determination of marital property,
 valuation of special equity interests, or equitable division of the marital
 estate.  Accordingly, the decision
 of the family court is 
AFFIRMED. 
ANDERSON, SHORT, and WILLIAMS JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Prior to the marriage, Wife had a house, with a
 mortgage, at 106 Blueberry Lane, Inman, and Husband had a house, with a
 mortgage, at 116 Shenandoah Drive, Spartanburg.  After the marriage, Husband
 and Wife resided in Husbands Shenandoah home for approximately two years until
 they moved to 221 Williams Drive, Campobello.
[3] From the beginning of their marriage, Husband and
 Wife shared a joint checking account, which was managed by Husband with the
 Wifes consent.  Both incomes, which were approximately equal, went into this
 account, and all bills, including mortgages and expenses for their non-marital
 properties were paid from this account.